UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD FISH**,

       Plaintiff,

v.                                         **CIV NO. 00-885 DJS/WWD**

**AMERICA ONLINE, INC.**,

       Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

    **THIS MATTER** comes before this Court on Defendant's  Motion for Summary Judgment filed May 3, 2001 (Docket No. 60). Briefing was completed on that motion on July 2, 2001. The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendant America Online, Inc. seeks judgment in its favor and dismissal of the claims against it.

    The instant action is a civil action removed to Federal Court pursuant to 28 U.S.C. §1332 due to the diversity of citizenship of the parties and due to the fact that the amount in controversy exceeds $75,000.00. Plaintiff seeks damages pursuant to claims for breach of employment contract, retaliatory discharge, and violation of NMSA 1978 §50-4-4. Plaintiff contends that Defendants fired him in breach of his employment contract. He further contends that he was fired in retaliation for asserting his and other employees' rights to stock options benefits. Plaintiff was hired by Defendant in March, 1999 and he was terminated in November, 1999. He asserts that Defendant failed to provide him stock options which he was promised during training and recruiting sessions. Defendant

contends that Plaintiff was fired due to inadequate job performance.

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56( c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87. In this instance, no facts material to the resolution of the legal issues are in dispute.

### BREACH OF EMPLOYMENT CONTRACT & WRONGFUL TERMINATION

As stated by the New Mexico Supreme Court in Hartbarger v. Frank Paxton Co., 857 P.2d 776, 779 (N.M. 1993) cert. denied, 510 U.S. 1118 (1994):

> "The general rule in New Mexico is that an employment contract is for an indefinite period and is terminable at the will of either party unless the contract is supported by consideration beyond the performance of duties and payment of wages or there is an express contractual provision stating otherwise.  Melnick v. State Farm Mut. Auto. Ins. Co., 749 P.2d 1105, 1109, cert. denied, 488 U.S. 822 (1988). An at-will employment relationship can be terminated by either party at any time for any reason or no reason, without liability. Id. New Mexico courts have recognized two additional exceptions to the general rule of at-will employment:  wrongful discharge in violation of public policy (retaliatory discharge), and an implied contract term that restricts the employer's power to discharge. Id."

None of the New Mexico cases examined by or provided to this Court discuss breach of employment contract premised upon failure of the employer to provide some consideration to the employee in return for work performed.  Rather, the exception to the at-will employment relationship is described

2

in terms of a limit on the employer's ability to discharge the employee. Further, New Mexico Courts have refused to recognize a cause of action for breach of an implied covenant of good faith and fair dealing in an at-will employment contract. <u>See</u> <u>Bourgeous v. Horizon Healthcare Corp.</u>, 872 P.2d 852, 856 (N.M.1994); <u>Melnick v. State Farm Mut. Auto. Ins. Co.</u>, 749 P.2d 1105, 1111 (N.M.1988) (... [T]o imply in every employment situation a covenant of good faith prohibiting dismissal except for good cause could be likened to a judicial call for collective bargaining). Plaintiff asserts that Defendant breached its employment contract with him by failing to deliver promised stock or stock options. However, New Mexico law does not recognize an exception to the at-will employment relationship premised upon failure of the employer to deliver promised incentives or benefits.

Plaintiff also contends that Defendant had not terminated anyone without good cause prior to his firing. Assuming for the moment, *arguendo*, that Plaintiff was not fired for good cause, the fact that Defendant does not ordinarily fire employees without good cause to do so did not alter the at-will nature of Plaintiff's employment. <u>Hartbarger</u>, 857 P.2d at 785 ("As a matter of policy, this Court will not consider evidence that a company does not usually fire employees without a good reason as by itself establishing that the company does not maintain an at-will employment policy.").

In <u>Kestenbaum v. Pennzoil Co.</u>, 766 P.2d 280, 286 (1988), <u>cert. denied</u>, 490 U.S. 1109 (1989) the New Mexico Supreme Court held that the totality of the circumstances surrounding an employee's dismissal must be examined to determine whether an employee has overcome the presumption of termination at will. In this case, Plaintiff has merely asserted that he was promised stock options or stocks as a benefit of his employment which were not paid. Although the Court accepts Plaintiff's assertions as true for the purposes of resolving this motion, they do not affect the presumption that Defendant could fire him at any time, either before or after the award of stocks.

3

**RETALIATORY DISCHARGE**

Beginning with a 1983 decision in <u>Vigil v. Arzola</u>, New Mexico has recognized the tort of retaliatory discharge, which provides an employee relief  when he is discharged not because of his employer's genuine dissatisfaction with his job performance, but rather for refusing to act in an unlawful manner or for attempting to perform a lawful duty.  <u>Vigil v. Arzola</u>, 699 P.2d 613, 618 (N.M. Ct. App.), <u>rev'd in part on other grounds</u>, 687 P.2d 1038 (N.M. 1983), <u>overruled in part on other grounds</u>, <u>Chavez v. Manville Products Corp.</u>, 777 P.2d 371 (N.M. 1989). In creating the cause of action, the <u>Vigil</u> court acknowledged and reaffirmed the importance of an employer's right to discharge an employee when it is in the best interest of the business.  <u>Vigil</u>, 699 P.2d at 618. For an employee to recover under this tort, the employee must demonstrate that he was discharged for either of the following reasons:  (1) because he performed an act that public policy has authorized or would encourage;  or (2) because he refused to do something required of him by his employer that public policy would condemn. <u>Shovelin v. Central New Mexico Electrical Cooperative, Inc.</u>, 850 P.2d 996, 1006 (N.M. 1993) (quotation omitted). "The linchpin of a cause of action for retaliatory discharge is whether by discharging the complaining employee the employer violated a clear mandate of public policy." <u>Id.</u>

Plaintiff contends that he was discharged for asserting his and other employees' right to stock options which Defendant had promised them. Plaintiff contends that his conduct in pursuing his and others' lawful right to compensation was the motivating factor in Defendant's decision to terminate him. In his brief in opposition to Defendant's motion for summary judgment, Plaintiff refers to ERISA, finding within that statute policy statements which he asserts demonstrate that his actions were taken in the public interest.  As stated by the New Mexico Court of Appeals in <u>Weidler v. Big</u>

4

J. Enterprises, 953 P.2d 1089, 1095 (N.M.Ct.App. 1997)

> One source we look to for statements of public policy is legislation... National Trust for Historic Preservation v. City of Albuquerque, 874 P.2d 798, 801 (Ct.App.1994) ("[A] common- law court may utilize the statute solely to demonstrate what is public policy; that public policy then forms the predicate for a common-law cause of action."). Thus, if there is a statute prohibiting certain actions, we view that as a statement of public policy which may be used to support the common-law cause of action. See Gandy v. Wal-Mart Stores, Inc., 872 P.2d 859, 860-62 (1994); Michaels v. Anglo Am. Auto Auctions, Inc., 869 P.2d 279, 280-81 (1994).

However, "in cases involving discharge for reporting illegal activity, or 'whistleblowing', employees must show that their actions furthered a public interest rather than a private one. Gutierrez v. Sundancer Indian Jewelry, Inc., 868 P.2d 1266, 1273 (Ct.App.1993) (quoting Wagner v. City of Globe, 722 P.2d 250, 257 (1986) (en banc)), cert. denied, 869 P.2d 820 (1994)" Garrity v. Overland Sheepskin Co. of Taos, 917 P.2d 1382, 1386 (N.M. 1996). The determination of whether an employee has stated a sufficient policy to recover for wrongful discharge is made on a case-by-case basis. Id. (quoting Gutierrez, 868 P.2d at 1272).

No New Mexico cases present a situation where an employee was allegedly fired for demanding benefits promised to himself and other workers. Further, Plaintiff's extraction of policy language from ERISA is unconvincing, given the limited applicability of that statute.[1] This Court views the situation as analogous to that of a whistleblower who observes illegal activity or dangerous conditions within a company and reports it to supervisors. Like that situation where it is generally a benefit to society that all workers have a safe job environment, it is generally a benefit to society

---

[1]Defendant persuasively argues that: 1) Stock option plans are not governed by ERISA; Raskin v Cynet, 131 F.Supp.2d 906, 909 (S.D.Tex. 2001)(citing cases); and 2) An employee has no claim for interference with protected rights if the rights in question were granted by a plan not governed by ERISA; McKinsey v. Sentry Ins., 986 F.2d 401, 407 (10th Cir. 1993). Given the limitations inherent in that statute, the Court is reluctant to use it as a source of public policy.

that all workers receive the benefits promised to them. Nevertheless, that benefit falls substantially below a direct threat of harm to the public at large. In contrast, Plaintiff's action served primarily to improve his workplace. The wrong reported by the Plaintiff, which was Defendant's failure to assign him and others the stock options or stock promised during his training, does not involve any direct loss of funds to the public. Rather, it involves the improvement of working conditions and not the public good. Cf. Garrity, 917 P.2d at 1387 (Report of suspected drug use and erratic behavior by supervisor primarily benefitted workers, despite fact that supervisor came into contact with the public). Consequently, Plaintiff's retaliatory discharge claim must fail.

**NMSA 1978 §50-4-4**

NMSA 1978 §50-4-4(C) states that

> "In case of failure to pay wages or compensation due an employee within the time hereinbefore fixed, the wages and compensation of the employee shall continue from the date of discharge until paid at the same rate the employee received at the time of discharge, and may be recovered in a civil action brought by the employee; provided that the employee shall not be entitled to recover any wages or compensation for any period subsequent to the date of discharge unless he pleads in his complaint and establishes that he made demand within a reasonable time upon his employer at the place designated for payment and payment was refused, provided further that the employee shall not be entitled to recover any wages or compensation for any period subsequent to the sixtieth day after the date of discharge."

Plaintiff contends that Defendant was obligated to pay him stock bonuses, that it failed to do so and that it is therefore liable to him for sixty days' wages. Defendant asserts that Plaintiff did not plead in his complaint and establish that he made demand for the bonuses and that payment was refused. To the contrary, Plaintiff plead that he made "due demand for the promised stock bonuses within a reasonable period of time and Defendant refused to pay Plaintiff his stock bonuses" Complaint, ¶48.

Defendant also argues that Plaintiff would have only received stock options and that those options would not have been vested at the time of his termination. Defendant further states that such

6

unvested options are subject to cancellation upon termination. Consequently, Plaintiff did not suffer a loss. However, Plaintiff disputes whether he was promised shares of stock or stock options, albeit in a haphazard manner. As noted by Defendant, Plaintiff uses both the term "stock" and the term "stock options" in his complaint. Nonetheless, the issue of liability under the statute cannot be resolved on this basis on summary judgment.

Although Plaintiff's claim for relief pursuant to NMSA 1978 §50-4-4 is not subject to dismissal at this time, the Court is not clear that this matter still meets the "amount in controversy" jurisdictional requirements of 28 U.S.C. §1332 given the dismissal of the first three claims in the complaint. In order to resolve this question, the Court will hold a hearing in order to provide the parties with an opportunity to present evidence and argument regarding the damages sought by Plaintiff in Count IV of the Complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is granted in part and Plaintiff's Claims for Breach of Employment Contract, Wrongful Discharge, and Retaliatory Discharge are dismissed with prejudice. Summary judgment is denied with regard to Count IV of the Complaint, which is Plaintiff's claim for relief pursuant to NMSA 1978 §50-4-4.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**