# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RICHARD FISH**,

    Plaintiff,

v.                                                                                               CIV NO. 00-885 DJS/WWD

**AMERICA ONLINE, INC.**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendant's Motion for Reconsideration filed July 23, 2001 (Docket No. 73), Plaintiff's Motion for Reconsideration filed July 24, 2001 (Docket No. 75), Defendant's Authorities on Remand filed July 24, 2001 (Docket No. 77) and Plaintiff's Authorities on Remand filed July 27, 2001 (Docket No. 79).

On July 13, 2001 this Court entered a Memorandum Opinion and Order (Docket No. 70) granting summary judgment, pursuant to Defendants' motion, and dismissing Counts I-III of the complaint. Those counts encompassed Plaintiff's claims for breach of employment contract, wrongful discharge, and retaliatory discharge. The Opinion and Order denied Defendant's motion for summary judgment with regard to Count IV of the complaint, which seeks damages pursuant to NMSA 1978 §50-4-4. By a separate Order (Docket No. 71), the Court set a hearing to provide the parties with an opportunity to present evidence regarding the amount in controversy in light of the

1

foregoing rulings and to argue whether the Court has continued jurisdiction over this matter. While the parties agreed that Plaintiff's claim pursuant to Count IV does not exceed $75,000.00, Defendants argue that the Court should retain jurisdiction over the case. In addition, both parties seek reconsideration of various aspects of the Court's Memorandum Opinion and Order.

**Defendant's Motion for Reconsideration**

Defendant requests that the Court reconsider its denial of summary judgment on Count IV of the complaint and dismiss Plaintiff's claim pursuant to NMSA 1978 §50-4-4. In addition, Defendant requests that the Court clarify whether it intended to dismiss Count V of the complaint, which seeks punitive damages. Defendant argues that the statutory claim pursuant to §50-4-4 cannot support punitive damages and urges the Court to dismiss that claim, which was not addressed in the July 13, 2001 Memorandum Opinion and Order. In response, Plaintiff continues to argue that summary judgment is not appropriate with regard to Count IV of the complaint and urges that New Mexico law does not preclude a claim for punitive damages pursuant to §50-4-4.

Defendant contends that Plaintiff cannot succeed in a claim for damages pursuant to NMSA 1978 §50-4-4 because he failed to make a post-termination claim for wages or money due. Defendant premises its assertion that Plaintiff must make a claim for unpaid compensation or wages on the language of the statute, which states in part that "the employee shall not be entitled to recover any wages or compensation for any period subsequent to the date of discharge unless he pleads in his complaint and establishes that he made demand within a reasonable time upon his employer at the place designated for payment...." Plaintiff argues that the statute does not specify that a demand be made post-termination, but merely "within a reasonable time". Plaintiff contends the either his pre-termination demand for stock bonuses or the filing of his complaint five months after his termination

2

served as a demand made within a reasonable time for wages or compensation due.

The previous version of the statute, NMSA 1953 §59-3-4 contained an express sixty-day statute of limitations. Spikes v. Mittry Construction Co., 295 F.2d 207, 208 n.5 (10th Cir. 1961). The current version of the statute replaced the requirement that an action for unpaid wages be commenced within sixty days with a requirement that the employee make a demand for unpaid wages within a reasonable time. No New Mexico cases appear to have addressed the length of such a reasonable time or the form such a demand must take. This Court is unwilling to state that, as a matter of New Mexico law, the filing of a complaint within five months of discharge cannot serve as a demand for payment of wages under NMSA 1978 §50-4-4.

Defendant finds authority for its argument in NMSA 1978 §50-4-7, which requires that an employer give an employee written notice of the amount of wages he concedes are due and pay such wages within the time fixed by NMSA 1978 §50-4-1 to 50-4-12. However, that statute states that the provisions of §50-4-4 does not apply to it, except as it provides with regard to time limits. Consequently it does not support Defendant's argument. Therefore, Defendant's Motion for Reconsideration of the denial of summary judgment with regard to Count IV of the complaint is denied.

Similarly, Defendant's request that the Court dismiss Count V of the complaint is denied as well. Defendant points to no authority stating that punitive damages are unavailable under the provisions of NMSA 1978 §50-4-4.

**Plaintiff's Motion for Reconsideration**

Plaintiff requests that the Court reconsider its grant of summary judgment with regard to Count I of the complaint which dismissed his claim for breach of employment contract. Plaintiff

contends that a material factual dispute remains regarding whether Defendant promised to remit to him one hundred shares of stock or stock options for one hundred shares of stock after he completed ninety days of employment. Defendant argues that Plaintiff has not made a claim for damages reflecting the value of one hundred shares of AOL stock and did not expressly make a claim that he was deprived of one hundred shares of stock in the course of litigation or in the unfiled pre-trial order, which was submitted to the Court prior to entry of the July 13, 2001 Memorandum Opinion and Order.

Plaintiff has characterized his first claim against Defendant as one for a breach of employment contract. He points to portions of the complaint referring to promises of "stock" as supporting his contention that the breach consisted of failure to transfer one hundred shares of Defendant's stock to his possession after he completed ninety days with the company. In turn, Defendant points to portions of the complaint referring to "stock options". If Plaintiff was promised stock options, such options would be subject to a vesting requirement and would have been lost if he was terminated prior to the date the shares vested. Defendant notes that Plaintiff's Supplemental Initial Disclosures refers to both "shares of stock" and "options" and states that the damages from deprivation of that stock cannot be calculated because of the fluctuating stock price and the fact that the value would depend upon how many shares had vested as of a particular date. If Plaintiff had been promised one hundred shares of stock after ninety days employment, his damages would have been based upon the value of one hundred shares of Defendant's stock without respect to any vesting schedule.

Plaintiff's ambiguous references to both "stock" and "stock options" throughout the litigation are insufficient to create a disputed material fact regarding his claim for breach of employment

4

contract. In his motion for reconsideration, Plaintiff states that "[i]t is likewise uncontroverted that AOL intended to have its records show, prior to Plaintiff's termination, that Plaintiff was entitled to either 100 shares of stock or 100 shares of stock options". He states that he was not advised when he was offered employment or during his training that he was being promised stock options rather than shares of stock. Plaintiff refers to his own deposition and that of Matthew Neighbors, who was in his training class with Defendant. However, Neighbors' deposition, attached to Plaintiff's Motion for Reconsideration, shows that he was aware that he would be receiving stock subject to a vesting schedule over a period of four years. In other words, he was aware that he would be receiving stock options which would not result in shares of stock in his ownership until they vested. Deposition of Matthew Neighbors, pp. 63-64.

Plaintiff's motion for reconsideration of the dismissal of his breach of employment contract claim will be denied.

**Authorities on Remand**

Defendant argues that this Court should retain jurisdiction over Counts IV and V of the complaint and dismiss them with prejudice, rather than remanding them to state court. However, remand may occur at any time once a federal court determines that it lacks subject matter jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1291 n. 3 (10th Cir. 2001). Because the amount in controversy requirement is not present in this case, this Court lacks subject matter jurisdiction. 28 U.S.C. §1447(c) directs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Consequently, Counts IV and V shall be remanded to state court.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration and

Plaintiff's Motion for Reconsideration are hereby denied.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims, expressed in Counts IV and V of the Complaint, are hereby remanded to the Second Judicial District Court of New Mexico.

_____
**DON J. SVET
UNITED STATES MAGISTRATE JUDGE**